**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAVID WEBB                                             PETITIONER

V.                  4:97CR00238
                   4:00CV00064

UNITED STATES OF AMERICA                      RESPONDENT

**ORDER**

Pending before the Court are the Petitioner's Motion to Proceed In Forma Pauperis and Motion for Reduction and Modification in Term of Imprisonment under the United States Sentencing Guidelines Policy Statement Factors both filed on August 9, 2010.

In March 1998, Webb was found guilty of armed bank robbery and carrying or using a firearm in relation to a robbery. Webb was sentenced on June 18, 1998 to life imprisonment on Count 1 and a consecutive five years imprisonment on Count 2. Webb filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 27, 2000, a Supplemental Motion on August 7, 2000, and a Second Supplemental Motion on September 26, 2001. The Court denied Webb's motions on November 27, 2001. The Eighth Circuit Court of Appeals affirmed the Court's decision on November 25, 2002.

In his latest petition, Webb requests that the Court reduce his sentence because the Court failed to correctly apply the Sentencing Guidelines when determining his term of imprisonment. The Court finds that the Motion for Reduction and Modification in Term of Imprisonment under the United States Sentencing Guidelines Policy Statement Factors is properly before the Court as a § 2255 petition because Petitioner claims that he was improperly sentenced.

Section 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of

the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h). Webb has failed to request certification by the Court of Appeals to file his second motion under § 2255. Therefore, this Court is without jurisdiction to consider his current request for relief. *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997).

Moreover, even if Webb had requested permission from the Eighth Circuit Court of Appeals to file a successive habeas corpus application, the allegations of his claim do not meet the statutory requirement that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and the Court of Appeals would have been compelled to deny him permission to file. 28 U.S.C. § 2244(b)(2)(B)(i). *See Williams*, 130 F.3d at 336.

For these reasons, the Motion for Reduction and Modification in Term of Imprisonment under the United States Sentencing Guidelines Policy Statement Factors (Docket # 92) and the Motion for Leave to Proceed In Forma Pauperis (Docket # 91) are DENIED.

IT IS SO ORDERED this 11th day of August, 2010.

James M. Moody
United States District Judge